UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04 11574 RGS

```
                                    )
WILLIAM STRAVROS,                   )
Plaintiff,                          )
                                    )
v.                                  )
                                    )
EMI STRATEGIC MARKETING, INC.       )
Defendant.                          )
                                    )
```

FILED IN CLERKS OFFICE 2004 OCT 18 P 4: 21 U.S. DISTRICT COURT DISTRICT OF MASS.

MEMORANDUM IN SUPPORT OF DEFENDANT EMI'S MOTION TO DISMISS

This action concerns allegations by plaintiff that he is owed overtime pay as a result of his employment as a graphic designer with defendant EMI. Defendant offers the following as its reasons in support of its Motion to Dismiss pursuant to F.R. Civ.P. 12(b)(6).

I. The Complaint Fails to State a Claim on Which Relief Can Be Granted because it Omits Essential Factual Allegations.

To invoke successfully the jurisdiction of the United States Courts, a complaint under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., ("FLSA" or "Act") must allege that the plaintiff is engaged in interstate commerce or in the production of goods for interstate commerce and may be dismissed if it fails to do this, see, e.g., Foster v. National Biscuit Co., 31 F.Supp. 552, 553 (D.C. 1940). Coverage under the Act is clearly predicated upon the employees' engagement in interstate commerce.

In <u>Ahmed v. Samson Management Corp.</u>, the Court dismissed the plaintiff's overtime claim where the plaintiff failed to allege that he was engaged in activities that relate to interstate commerce. <u>Ahmed v. Samson Management Corp.</u>, 1996 U.S. Dist. LEXIS 4924 (S.D. N.Y.)

As filed here, the Complaint in this matter fails to allege that defendant is engaged in interstate commerce or that plaintiff was an employee who was engaged in interstate commerce or in the production of goods for commerce, as required by the statute. 29 U.S.C. § 206(a), 207(a). This Complaint fails to state even the nature of the employer's business or the type of work performed by the plaintiff, making the pleading even more deficient than the allegations in <u>Ahmed</u>, *supra*.

Because the Plaintiff has failed to meet the necessary statutory pre-requisites of the Fair Labor Standards Act, the Complaint fails to state a claim for which relief can be granted and must be dismissed.

II. <u>Plaintiff's Complaint fails to state a claim on which Relief may be Granted under the Act because he is a "Professional" Employee Exempt from this Provision of the FLSA</u>.

The FLSA provides that, in general, employees must be compensated for all hours in excess of forty (40) hours in a single workweek at a rate not less than one and one-half times their regular rate, see, 29 U.S.C. § 207(a)(1). However, the

statute establishes express exemptions from this overtime pay requirement for certain occupations. More specifically, the overtime provisions do not apply to "any employees employed in a bona fide executive, administrative, or professional capacity," 29 U.S.C. § 213(a)(1), and the exemptions are regarded as an affirmative defense to a claim for overtime wages.

A review of the work he performed leads ineluctably to the conclusion that plaintiff is an exempt artistic professional under the Act, and therefore not entitled to overtime pay. This conclusion is particularly clear in light of the regulations and interpretations promulgated by the Secretary of Labor for determining whether an employee is an exempt professional under Section 213(a)(1) of the Act. The relevant regulation for an exempt professional artistic employee is one whose primary duty consists of:

> Work that is original and creative in character in a recognized field of artistic endeavor (as opposed to work which can be produced by a person endowed with general manual or intellectual ability and training) and the result of which depends primarily on; the invention, imagination or talent of the employee. 29 CFR §541.3(a)(2).

The regulation also outlines "short" and "long" tests for determining whether an employee qualifies as an artistic professional, see, 29 CFR §541.3(e); Reich v. Newspapers of New England Inc., 44 F.3d 1060 (1st Cir 1995)(discussing artistic professional exemption with regard to newspaper employees). The long test of Section 541.3(e) applies to employees who earn less

than $250 per week. Id. Plaintiff William Stavros was paid $72,500 per year or a weekly salary of approximately $1,394, see, Statement of Edlund, ¶ 4; Reich v. Gateway Press, Inc., 13 F.3d 685,698 (3rd Cir.)(stating salary level is "good proxy" for determining professional status with higher salaries indicating employee exempt). Thus he qualifies for the "short" test to determine his exemption from the requirement for payment of overtime.

As established by Section 541.3(e), this test requires only that an employee's primary duty consist of "work requiring invention, imagination, or talent in a recognized field of artistic endeavor..." 29 CFR §541.3(e); Newspapers of New England, supra. Although the statements supporting EMI's Motion to Dismiss would support such a conclusion, the short test does not require that the work be "original and creative in character" as Section 541.3(a)(2) does, see Id.

Accordingly, under the applicable test, Stavros' (1) primary duty must be determined and (2) whether that duty involved "invention, imagination or talent in a recognized field of artistic endeavor." There are no genuine material factual issues over either of these points. EMI is a small marketing service agency located in Boston which provides creative design of posters, brochures, leaflets, mailers and other types of advertisement and promotional materials to its clients. Statement

-4-

of Edlund, ¶ 2. The core work of the business is performed by the creative staff, one of whom was Mr. Stavros. Statement of Edlund, ¶¶ 3, 9; See Statement of Kathleen Cocorochio, ¶¶ 5, 11 (attached hereto at No. 2). Plaintiff was employed as a senior designer, and had business cards with this title. Statement of Edlund, ¶ 3, Exhibit A. Plaintiff has extensive training in the graphic arts and holds a Bachelor's degree in Visual Communications from the Art Institute of Philadelphia, Pennsylvania. Statement of Edlund, ¶ 10; Statement of Cocorochio, ¶ 17.

The duties of a senior designer at EMI consisted of having responsibility for completing all aspects of designing the marketing and promotional materials for clients. Statement of Edlund, ¶ 13; See Statement of Dan Nearing, ¶ 7 (attached hereto at No. 3). Senior designers are given an assignment by the account representatives, and are left to determine the best combination of photography, illustration, color, typeface and format to execute the project effectively. Statement of Edlund, ¶ 14. Developing the promotional materials requires imagination and creativity. Statement of Cocorochio, ¶ 10; Statement of Nearing, ¶¶ 9, 11. The creation of a piece of promotional material usually requires a very wide range of decision-making about the project, including such features as what color scheme to use, choice of photographs, choice of font and size of type

for text to be included, and, perhaps most important, the combination of all these elements into an attractive, appealing, successful whole. Statement of Cocorochio, ¶ 12.  In addition to crafting the image the client wishes to project, creative staff is also responsible for assuring that the materials function logistically in whatever way is necessary.  For example, should the project call for a pocket to hold a coupon or application form, the design must integrate it effectively into the overall package. Statement of Cocorochio, ¶ 14.

An example of the kind of work plaintiff did, which required originality, was logos for websites.  Clients wanted particularly unusual and eye-catching logos for their sites; and although this meant being creative within a narrow constraint, Mr. Stavros successfully created a number of logos for clients.  Statement of Cocorochio, ¶ 20; Statement of Nearing, ¶ 15.  Plaintiff also did some original artistic work that was well recognized, including a poster which was used by the City of Boston as part of its promotion of a community health care clinic in the Codman Square area. Statement of Cocorochio, ¶ 22.

Development of materials of this kind is a recognized artistic discipline, graphic arts; and professionals employed in this activity have in most cases extensive education and training, covering in most cases many years, often at the university level, see Statements of Nearing ¶3, Edlund ¶10.

Indeed, particularly successful efforts of this kind have been displayed by recognized arts institutions, including museums, see Statement of Edlund ¶10.

Federal Rule of Civil Procedure 12(b) allows the Court to consider matters outside of the pleading and dispose of a case such as this as provided under Rule 56; and the interest judicial economy favors disposition under Federal Rule of Civil Procedure 56. See Reich v. John Alden Life Insurance Co., 126 F.3d 1 (1st Cir. 1997)(granting employer's summary judgment motion against Secretary of Labor and finding insurance marketing representatives exempt "administrative" employees).  No material issue of fact exists concerning whether Plaintiff was employed in the creative staff of Defendant, or that his primary job duties consisted of creative design of posters, mailings, logos, and other promotional materials.  Further, no material issue of fact exists as to whether Plaintiff's duties involved imagination and talent. Finally, no material issue of fact exists concerning whether the work performed by Plaintiff for Defendant fell into the field of graphic arts, a recognized field of artistic endeavor.

Thus, under the test set out in the regulation, the Plaintiff's primary duty involved "invention, imagination or talent in a recognized field of artistic endeavor."  In considering the duties of newspaper employees, the First Circuit

-7-

noted that layout and page design qualified under the artistic professional exemption of the Act. <u>Reich v. Newspapers of New England Inc.</u>, 44 F.3d 1060, n.17 (1st Cir 1995). See also <u>Abrams v. Genauer</u>, 29 N.Y.S. 2d 974 (1941)(designer of men's clothing exempt from Act). Accordingly, plaintiff is an exempt professional under the Act, no overtime pay is due him, and his Complaint thus fails to state a claim on which relief can be granted and must be dismissed.

III. <u>Plaintiff's Claim Is Further Barred By the Applicable Statute of Limitations</u>.

Pursuant to 29 U.S.C. § 255, "any action commenced . . . to enforce any cause of action for . . . unpaid overtime compensation . . . under the Fair Labor Standards Act of 1938 . . . . may be commenced within two years after the cause of action accrues, and every such action shall be forever barred unless commenced within two years . . ." 29 U.S.C. § 255(a).

In his Complaint, Plaintiff alleges that he was hired by EMI on April 26, 1999. Complaint, ¶ 3. Plaintiff further alleges that "from the commencement of his employment," he frequently worked well in excess of forty hours and was not paid overtime for the hours. Complaint, ¶ 4. During his entire employment, plaintiff never suggested or requested that he be paid overtime. See Statement of Campbell Edlund, ¶ 7 (attached hereto at No. 1). Therefore, plaintiff's claim accrued over four years ago and is

barred by U.S.C. § 255. <u>Foster v. The Food Emporium</u>, 5 Wage & Hour Cas. 2d 1311 (S.D. N.Y. 1999).

IV. <u>Plaintiff's State Law Claims also Fail to State a Claim and should also be Dismissed</u>.

Plaintiff also attempts to state a claim under Massachusetts overtime law, M.G.L. c.151 § 1A, and the Massachusetts statute on non-payment of wages, M.G.L. c.149 § 148.

    A.   Massachusetts Overtime Law.

However, M.G.L. c.151 § 1A(3) also excepts "a bona fide executive, administrative or professional person or qualified trainee for such position earning more than eighty dollars per week." The overtime provisions under state law were intended to be "essentially identical" to federal law. <u>Valerio v. Putnam Assoc. Inc.</u>, 173 F.3d 35, 40 (1st Cir. 1999); <u>Swift v. Autozone, Inc.</u>, 441 Mass. 443 (2004). Accordingly, based on the analysis under applicable federal law, Plaintiff is also an exempt professional under state law and this claim must fail.

    B.   Massachusetts Wage Payment Statute

Plaintiff has no claim under M.G.L. c.149 § 148 simply because all salary and wages owed to him by Defendant have been paid. Statement of Edlund, ¶ 4. Furthermore, any alleged overtime wages that Plaintiff seeks, which are subject to a disputed FLSA claim, cannot also be the basis for a claim under M.G.L. c.149. Chapter 149 applies to agreed upon wages. If the statute were concerned with overtime wages, it would be preempted

by the FLSA. <u>Whitworth v. Chiles Offshore Corporation</u>, 1 Wage & Hour Cas. 2d (BNA) 296 (E.D. La. 1992). "[P]laintiff cannot circumvent the exclusive remedy prescribed by Congress by asserting the equivalent state claims in addition to the FLSA claim." <u>Roman v. Maietta Construction, Inc.</u>, 147 F.3d 71, 76 (1st Cir. 1998)(citing <u>Tombrello v. USX Corp.,</u> 763 F.Supp. 541, 545 (N.D. Ala. 1991)). The FLSA is the exclusive remedy for enforcing rights created by the FLSA. <u>Id</u>.

## Conclusion

For all of the above reasons, EMI respectfully requests that the Court dismiss the plaintiff's complaint.

RESPECTFULLY SUBMITTED,
EMI STRATEGIC MARKETING, INC.
BY ITS COUNSEL

_____
Paul H. Merry   #343580
Renee J. Bushey #629444
Law Office of Paul H. Merry, Esq.
44 School Street - 6th Floor
Boston, MA 02108
(617) 720-2400

DATE:

CERTIFICATE OF SERVICE

I, Paul H. Merry, hereby certify that I served the foregoing Memorandum on all other counsel of record in this matter by mailing a copy thereof to them at their customary offices on October 18, 2004.

_____