UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04 11574 RGS

WILLIAM STAVROS,
                Plaintiff,

v.

EMI STRATEGIC MARKETING, INC.,
                Defendant.

## OPPOSITION TO MOTION TO DISMISS

For the reasons set forth more fully below, Plaintiff William Stavros ("Stavros") hereby opposes the Motion To Dismiss ("Motion") filed by Defendant EMI Strategic Marketing, Inc. ("EMI").

The Motion fails to recite – let alone apply – the well settled analytic framework governing motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6): this Court must deny the Motion unless EMI demonstrates "beyond doubt" that Stavros can "prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In making this determination, this Court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of Stavros. Wash. Legal Found. v. Mass. Bar. Found., 993 F.2d 962, 971 (1st Cir. 1993).

The Motion similarly fails to acknowledge that "[a]n employer bears the burden of establishing by clear and convincing evidence that an employee qualifies for an exemption" from the overtime requirements and that such exemptions "are construed narrowly against those asserting them." Jones v. Virginia Oil Co., Inc., 2003 WL 21699882 *2 (4th Cir.); see also Donovan v. Burger King Corp., 672 F.2d 221 (1st Cir. 1982) (citing with approval Fourth Circuit authority re: exemptions).

Moreover, the question of whether Stavros is an exempt employee is "intensely fact bound and case specific."[1] It follows that this question cannot be resolved on a motion to dismiss. As the Court explained in Herman v. Continental Grain Co., 80 F.Supp.2d 1290, 1295 (M.D. Ala. 2000):

> [T]he question of exemption turns on the application of law to facts and, thus, is not an appropriate subject to be raised on a Motion to Dismiss. This conclusion accords with those cases that have held that whether an employee is exempt under the [FLSA] involves substantial amounts of fact-finding before the court can resolve the ultimate legal question of exemption . . . .[2]

The Court in Herman denied the motion to dismiss in that case, declaring that its holding "follow[ed], a fortiori, from the fact that the law places the burden of proving exemption on the employer claiming the exemption." Herman, 80 F.Supp.2d at 1290 & 1290 n.6.

---

[1] Bohn v. Park City Group, Inc., 94 F.3d 1457, 1461 (10th Cir. 1996) (internal quotation marks omitted); see also, e.g., Reich v. Newspapers Of New England, Inc., 44 F.3d 1060, 1073 (1st Cir. 1995) (exemption issue turns on, inter alia, "findings of historical fact regarding . . . the day-to-day duties of the employees"); 29 CFR § 541.308 ("While there are many exempt employees in [professional] fields, the exemption of [any] individual depends upon his duties and other qualifications.").

[2] The Herman Court marshaled this authority as follows:
> See, Walling v. General Industries Co., 330 U.S. 545, 550, 67 S.Ct. 883, 91 L.Ed. 1088 (1947); see also, Martin v. Cooper Electric Supply Co., 940 F.2d 896, 900 (3d Cir.1991) ("the exemption is a mixed question of law and fact"); Dalheim v. KDFW-TV, 918 F.2d 1220 (5th Cir.1990) ("noting 'the inherent difficulty of distinguishing among questions of law,' fact, and law and fact ... [in this context, because] factual inferences are often indistinguishable from the legal standards...."); Brennan v. Southern Productions, Inc., 513 F.2d 740 (6th Cir.1973) (whether employees are within an exemption is primarily a question of fact); Pugh v. Lindsay, 206 F.2d 43 (4th Cir.1953) (question of whether an employee is exempt under the Act is a question of fact to be resolved from an examination of all the evidence before the court); Schumann v. Ross, 199 F.2d 219 (7th Cir.1952) ("question of whether an employee is exempt under the Act and Regulations is an ultimate question of fact to be determined in the first instance by the trial court.").

Herman, 80 F.Supp.2d at 1295.

Turning to the pleadings in the above-captioned matter, the Complaint squarely alleges the essential statutory elements of a claim for overtime compensation pursuant to the FLSA: (1) Stavros "frequently worked well in excess of forty hours per week," (2) EMI "improperly classified [Stavros] as an 'exempt' employee" and (3) EMI "deprived [Stavros] of . . . overtime pay." Cmplt. ¶¶ 3, 9 & p. 1; see 29 U.S.C. § 201 et seq. In light of these allegations – which this Court must accept as true – EMI cannot sustain its burden of demonstrating "beyond doubt" that the Complaint fails to adequately plead a claim for overtime compensation. Stated differently, EMI cannot demonstrate that, based solely on the pleadings, it has sustained its burden of establishing "beyond doubt" that Stavros qualifies for an exemption from the overtime requirements, which exemption must be "construed narrowly" against EMI.[3]

The Motion proffers several other grounds for dismissal, none of which merits extended discussion. First, the Motion contains the groundless argument that Stavros' claims are time-barred. Motion at 8-9. Because "each paycheck that fails to include wages for overtime constitutes a separate violation . . . . a new cause of action accrues with the receipt of each paycheck." Viciedo v. New Horizons Computer Learning Center, 246 F.Supp.2d 886, 902 (S.D. Ohio 2003). EMI cannot and does not dispute that Stavros received paychecks that omitted overtime compensation during the period of the applicable statutes of limitation.[4]

---

[3] EMI acknowledges, as it must, that Stavros' claims for overtime compensation under Massachusetts and federal law are analyzed in parallel. Motion at 9. The analysis set forth in text thus defeats the effort to dismiss Stavros' state claim.

[4] EMI has materially misrepresented the sole case that it cites in support of its statute of limitation argument. Motion at 8. EMI claims that Foster v. The Food Emporium, 1999 WL 1068438 (S.D.N.Y.), stands for the proposition that the statutes of limitation on overtime claims run from the first date on which the plaintiff received a paycheck that omitted overtime compensation. Motion at 8. Foster does not stand for this proposition. More fully, the Foster Court expressly permitted the plaintiffs to seek overtime compensation that they earned within the pertinent limitation period. The Court did not even mention the dates on which plaintiffs first

3

Second, EMI seeks to dismiss Stavros' claim pursuant to the Massachusetts Wage Act, G. L. c. 149 § 148, "because all salary and wages owed to [Stavros] by [EMI] have been paid." Motion at 9. As discussed supra, this rationale rests on a premise that is disputed in the Complaint. Accordingly, Stavros' claim under the Wage Act must survive EMI's motion to dismiss.[5]

Third, EMI argues that the Complaint improperly alleges simply that "[t]his Court has jurisdiction over this action" without specifically pleading the nexus between EMI's business and interstate commerce. Motion at 1-2. EMI does not – and cannot – dispute that EMI satisfies the FLSA's exceedingly liberal requirement concerning interstate commerce.[6] If the Court nevertheless would prefer a specific allegation in the Complaint concerning this point, Stavros respectfully requests that this Court grant Stavros leave to amend. See Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires").

---

received paychecks that omitted overtime compensation, let alone use those dates as a basis for limiting plaintiffs' claims.

[5]     EMI also asserts that Stavros' Wage Act claim is preempted by the FLSA. Motion at 10. Far from preempting state wage legislation, in fact the FLSA specifically contemplates such state regulation. See, e.g., Maccabees Mut. Life Ins. Co. v. Perez-Rosado, 641 F.2d 45 (1st Cir. 1981).

[6]     The FLSA extends to any business that has "employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce." 29 U.S.C. § 203(s). EMI – like nearly every other business of any size – falls squarely within the ambit of the FLSA because it both (1) provides a substantial amount of work product outside of Massachusetts to regional clients such as Fleet Bank and national clients such as General Electric, Pfizer and AT&T and (2) deals with materials from office supplies to computer equipment that have been produced in interstate commerce. See, e.g., Athey, Overtime Ins And Outs: How To Comply With The FLSA at 3 (M. Lee Smith Publishers 2004) ("just about every employer is considered to be engaged in interstate commerce" for FLSA purposes [emphasis omitted]); Brock v. Hamad, 867 F.2d 804, 808 (4th Cir. 1989) ("it is well established that local business activities fall within the FLSA when an enterprise employs workers who handle goods or materials that have moved or have been produced in interstate commerce").

4

Finally, the Motion addresses the possibility that this Court might elect to convert EMI's Motion To Dismiss into a motion for summary judgment in order to consider the three witness statements ("Statements") that EMI has filed. This Court enjoys "complete discretion" to exclude the Statements. Fed. R. Civ. P. 12(b); Wright & Miller, Fed. Prac. And Proc.: Civil 3d § 1366 at 159 (2004) ("Wright & Miller"). Because the Statements contain only self-serving allegations that raise rather than dispel numerous genuine issues of material fact[7] – none of which Stavros has yet explored through the discovery process – Stavros respectfully submits that this Court should exclude the Statements from its consideration.[8] In the event that the Court elects to convert the Motion into a motion for summary judgment in order to consider the Statements, Stavros is entitled to a "reasonable opportunity to present all material made pertinent to such a motion."[9] Fed. R. Civ. P. 12(b).

---

[7]     As stated previously, the question of whether Stavros is an exempt employee is "intensely fact bound and case specific," Bohn, 94 F.3d at 1461 (internal quotation marks omitted), and turns on, inter alia, "findings of historical fact regarding . . . [Stavros'] day-to-day duties." Newspapers Of New England, 44 F.3d at 1073. More specifically, the pertinent regulations require this Court to carefully sift through the parties' competing allegations in order to resolve contested issues of fact such as the following: whether Stavros' "primary duty" consisted of the performance of "work involving invention, imagination, or talent"; how much time Stavros spent performing exempt tasks; the relative importance of Stavros' exempt and nonexempt duties and the extent to which Stavros exercised discretionary power free from supervision. 29 CFR §§ 541.3 & 541.103.

To choose just one concrete example of the parties' numerous factual disputes, there is at least a genuine issue of material fact concerning the claims set forth in the Statement of Campbell Edlund concerning the critical question of how much time Stavros spent performing creative tasks. These claims are replete with inaccuracies. In order to discover evidence concerning these inaccuracies, Stavros must depose EMI personnel and obtain documents from EMI, including without limitation e-mails, memoranda and timesheets memorializing the fact that other employees performed the creative tasks that EMI claims were performed by Stavros.

[8]     Wright & Miller § 1366 at 165 ("When the extra-pleading material is comprehensive and will enable a rational determination of a summary judgment motion . . . the district court is likely to accept it; when it is scanty, incomplete, or inconclusive, the district court probably will reject it.").

5

WHEREFORE, Stavros respectfully requests that this Court deny the Motion and enter such other and further relief as is just.

WILLIAM STAVROS,

By his attorneys,

*/s/ Paul Holtzman*

Paul Holtzman, BBO # 563184
Hugh Dun Rappaport, BBO # 642263
KROKIDAS & BLUESTEIN LLP
600 Atlantic Avenue
Boston, MA 02210
(617) 482-7211

Dated:  December 17, 2004

2124\0001\146394.3

---

[9] In the event that the Court converts the Motion into a motion for summary judgment, Stavros is constrained to observe that EMI has materially mischaracterized the sole case that it has cited in which a court granted summary judgment against employees seeking overtime compensation. Motion at 7. More fully, EMI fails to call to the Court's attention the fact that the parties in Reich v. John Alden Life Ins. Co., 126 F.3d 1 (1st Cir. 1997), (1) stipulated to the facts and (2) agreed that the Court should adjudicate the case by entering summary judgment to one party or the other. Because neither of those conditions is present in the above-captioned matter, EMI's citation of Alden is, at best, disingenuous.

EMI also has materially mischaracterized the First Circuit's decision in Newspapers Of New England, 44 F.3d 1060. EMI cites this case for the proposition that "layout and page design qualified under the artistic professional exemption of the [FLSA]." Motion at 8. Although the Court does indicate in dicta that "layout and page design can qualify under the artistic professional exemption" [id. at 1077 n.16 (emphasis added)], the Court's holding is precisely the opposite of the proposition for which EMI has cited this case. More fully, the Court squarely held that editors who laid out newspaper pages performed "routine," nonexempt work and, therefore, did not qualify for the artistic professional exemption. Id. at 1077. Newspapers Of New England thus highlights the need for a fact-specific inquiry regarding the day-to-day duties of the particular employee at issue.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04 11574 RGS

| |
|---|
| WILLIAM STAVROS,<br>                            Plaintiff,<br><br>v.<br><br>EMI STRATEGIC MARKETING, INC.<br>                            Defendant. |

**CERTIFICATE OF SERVICE**

    I, Hugh Dun Rappaport, hereby certify that on December 17, 2004, I served a copy of an Opposition To Motion To Dismiss, via facsimile and first class mail, postage prepaid, upon Paul H. Merry, Esq., 44 School Street, 6th Floor, Boston, MA 02108.

                                                      Hugh Dun Rappaport

2124\0001\146443.1