UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-11574 RGS

4/19/05

WILLIAM STAVROS,

                  Plaintiff,

v.

EMI STRATEGIC MARKETING, INC.

                  Defendant.

## VERIFIED AMENDED COMPLAINT AND JURY DEMAND

### PRELIMINARY STATEMENT

Plaintiff seeks compensation for a longstanding pattern of willful and knowing violations of federal and state wage statutes. Defendant deprived plaintiff of wages earned – including without limitation overtime pay – in connection with his employment at EMI Strategic Marketing, Inc. Plaintiff consistently worked numerous overtime hours and Defendant failed to pay Plaintiff for the hours worked for which he was entitled to time and a half overtime compensation. In addition, Defendant failed to pay Plaintiff for a substantial amount of straight (i.e., non-overtime) compensation and for unused vacation time. Plaintiff seeks compensation for the unpaid wages, vacation time and overtime, as well as multiple damages and attorneys' fees and costs.

1

## JURISDICTION AND VENUE

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and to 28 U.S.C. § 1367. Defendant is an "[e]nterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s). Venue is proper in the District of Massachusetts.

## PARTIES

1. Plaintiff William Stavros ("Stavros") is a resident of Boston, Massachusetts who until May 10, 2004 was employed by Defendant EMI Strategic Marketing. Stavros' duties and responsibilities at EMI included working on projects for clients throughout the mid-Atlantic region. Accordingly, he was engaged in interstate commerce and/or in the production of goods for interstate commerce.

2. Defendant EMI Strategic Marketing, Inc. ("EMI") is a Massachusetts corporation with a principal place of business at 15 Broad Street, Boston, Massachusetts. During Stavros' tenure, Defendant provided a substantial amount of work product outside of Massachusetts to regional clients such as Fleet Bank and national clients such as General Electric, Pfizer and AT&T. In addition, Defendant dealt with materials from office supplies to computer equipment that were produced in interstate commerce. Accordingly, Defendant was at all pertinent times an enterprise engaged in interstate commerce and/or in the production of goods for interstate commerce.

## STATEMENT OF FACTS

3. William Stavros was hired by EMI on or about April 26, 1999.

4. From the commencement of his employment until May 2004, Stavros frequently worked well in excess of forty hours per week and was not paid overtime for these hours.

5. EMI paid Stavros on a salary basis, and improperly classified Stavros as an "exempt" employee.

6. Stavros was not contemporaneously aware of his entitlement to overtime compensation because Defendant systematically withheld overtime compensation from all employees who worked in excess of 40 hours a week, including employees who were not even arguably exempt.

7. In addition, Defendant failed to pay Plaintiff for a substantial amount of straight (i.e., non-overtime) compensation.

8. Defendant also failed to compensate Plaintiff for his unused vacation time.

9. On June 30, 2004, Stavros filed a Non-Payment of Wage Complaint with the Massachusetts Office of the Attorney General setting forth the failures of the Defendant to pay the compensation owed to Stavros. The Non-Payment of Wage Complaint is attached hereto as Exhibit A.

10. On July 12, 2004, the Office of Attorney General authorized Stavros to file a private civil action under M.G.L. c.149, § 150 and c.151, §§ 1B and 20. This right-to-sue letter is attached hereto as Exhibit B.

### FIRST CAUSE OF ACTION – OVERTIME (FEDERAL)
**Violation of Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et. seq.**

11. Stavros incorporates herein the allegations made in paragraphs 1-10.

12. EMI has breached its legal obligation under the FLSA to pay Stavros overtime for the hours he worked in excess of forty per week and improperly classified him as an "exempt" employee.

13. EMI's violation was willful or intentional, done in bad faith, or undertaken in reckless disregard as to whether its conduct violated the FLSA.

### SECOND CAUSE OF ACTION – NON PAYMENT OF WAGES
**Violation of M.G.L. chapter 149, §148**

14. Stavros incorporates herein the allegations made in paragraphs 1-13.

15. EMI has breached its legal obligation under M.G.L. c.149, § 148 to pay Stavros the overtime compensation owed to him pursuant to M.G.L. c.151, § 1A.

16. EMI has breached its legal obligation to pay Stavros the straight (i.e., non-overtime) compensation owed to him pursuant to M.G.L. c.149, § 148.

17. EMI has breached its legal obligation to pay Stavros for the unused vacation time owed to him pursuant to M.G.L. c.149, § 148.

18. EMI's breaches were willful or intentional, or undertaken in reckless disregard for legal requirements.

### THIRD CAUSE OF ACTION – OVERTIME (STATE)
**Violation of M.G.L. chapter 151, § 1A**

19. Stavros incorporates herein the allegations made in paragraphs 1-18.

20. EMI has breached its legal obligation under M.G.L. c.151, § 1A to pay Stavros overtime for the hours he worked in excess of forty per week.

21. EMI's violation was willful or intentional, or undertaken in reckless disregard for legal requirements.

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

1. Order Defendant to pay compensation for overtime compensation due Plaintiff under the FLSA, along with prejudgment interest;

2. Order Defendant to pay Plaintiff treble damages for unpaid wages resulting from nonpayment of wages and overtime violations pursuant to M.G.L. c.149, §§ 148 and 150; M.G.L. c.151, §§ 1A and 1B, along with prejudgment interest;

3. Order Defendant to pay liquidated damages in an amount double the amount of Plaintiff's actual damages pursuant to the FLSA, together with prejudgment interest;

4. Order Defendant to pay reasonable attorneys' fees incurred including, without limitation, reasonable accounting and experts' fees;

5. Equitable and/or injunctive relief as permitted by law and equity, including a restitution order;

6. Such other relief as this Court deems just and proper.

## JURY DEMAND

### THE PLAINTIFF DEMANDS A TRIAL BY JURY AS TO ALL COUNTS OF THE COMPLAINT

Respectfully submitted,

WILLIAM STAVROS,

By his attorneys,

/s/ Paul Holtzman

Paul Holtzman, Esq.
BBO No. 563184
Hugh Dun Rappaport, Esq.
BBO No. 642263
KROKIDAS & BLUESTEIN LLP
600 Atlantic Avenue
Boston, MA  02210
(617) 482-7211

DATED: April 13, 2005

## VERIFICATION

I, William Stavros, plaintiff in this action, hereby state under penalty of perjury that I have read the foregoing Verified Amended Complaint and Jury Demand, and that its allegations are true, and that those stated upon information and belief, I believe to be true.

Signed under the penalties of perjury this ___8th___ day of April 2005.

_____William Stavros_____
William Stavros

2124\0001\147844.1



THE COMMONWEALTH OF MASSACHUSETTS
OFFICE OF THE ATTORNEY GENERAL
200 Portland Street
Boston, MA 02114

TOM REILLY
ATTORNEY GENERAL

617)727-2200

## Non-Payment of Wage Complaint Form

**EMPLOYEE INFORMATION:**

Name: William Stavros   Soc. Sec. #: 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

Address: 688 Tremont Street, #4

City: Boston   State: MA   Zip: 02116

Date of Birth: 2/19/64   Work Phone: 617-451-9451   Home Phone: 617-542-0494

What type of work did you perform: Production, Fulfillment and Design

**EMPLOYER INFORMATION:** (complaint will not be accepted unless this section is completed.)

Company Name: EMI Strategic Marketing, Inc.

Address: One Appleton Street

City: Boston   State: MA   Zip: 02116

Phone: 617-451-9451   Total number of employees in company: 15

President/Owner Name: Campbell Edlund   Title: President and CEO

Local Manager Name: _____

Town where work was performed: Boston

**WAGE/BENEFIT INFORMATION:**

Date of Hire: 4/26/99   Were you discharged? Yes   Date of discharge: 5/10/04

Did you leave? ____   Date: ____   Reason for leaving: ____

If you left, did you make a personal demand for this money? Yes

If yes, what was the response of the employer: No Response

Rate of Pay: $ see below per (hour/week): ____   Unpaid Wages: see below
   From 4/99 through 8/03, Rate of Pay was $1,510.41 per week
   From 9/03 through 5/04, Rate of Pay was $1,238.54 per week

What dates did you work for the money which you claim you are owed:

From  5 / 1 / 99  to  5 / 1 / 04   Total amount owed: $ to be supplemented

Have you signed a contract as a consultant or independent contractor?  No

Do you have an attorney representing you in this matter?  Yes     Paul Holtzman, Esq.
                                                                   Krokidas & Bluestein LLP

Have you taken any other action against your employer in this matter?  No

If yes, please explain:
_____

Are you willing to fully cooperate with the Attorney General's Office, which may include appearing in court?  Yes

EXPLAIN IN DETAIL the facts relating to why you were not paid or why you are filing this complaint. If your complaint involves vacation pay, briefly explain how you earned vacation time (e.g. one week per year, one week after one year, monthly accrual, etc.)

   I am seeking payment for numerous hours of overtime worked since the commencement of my employment for which I have not been paid. The employer is in possession of time records quantifying the precise number of hours worked in excess of forty hours per week. Although I have requested those records, they have not been provided. When they are provided, I will supplement with a specification of the number of overtime hours owed.

   I am also owed approximately eleven (11) days vacation pay as my 2004 Vacation Time Memo stated that I had "26 VACATION DAYS available effective January 1, 2004 through December 31, 2004" and I had taken no more than seven (7) vacation days prior to my termination. At termination, I was paid out only eight (8) of the nineteen (19) days of vacation pay owed me.

I HEREBY CERTIFY THAT TO THE BEST OF MY KNOWLEDGE AND BELIEF THIS IS A TRUE STATEMENT OF THE FACTS RELATING TO MY COMPLAINT.

Signature: _William A Stavros_____  Date: 6/22/04

Print Name:  William Stavros

   Please attach copies of any supporting information (e.g. pay stubs, employment policy, etc...). Important: send only copies, save the originals for your records.



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108-1598

THOMAS F. REILLY
ATTORNEY GENERAL

July 12, 2004

(617) 727-2200
www.ago.state.ma.us

William Stavros
c/o Paul Holtzman
Krokidas & Bluestein
600 Atlantic Avenue
Boston, MA  02210

Re: **Authorization for Immediate Private Suit - EMI Strategic Marketing, Inc.**

Dear Mr. Stavros:

Thank you for contacting the Office of the Attorney General's Fair Labor and Business Practices Division.

This letter is to inform you that we have carefully reviewed your complaint and have determined that the proper resolution of this matter may be through a private suit in civil court. Accordingly, we are authorizing you to pursue this matter through a civil lawsuit immediately.

Massachusetts General Laws chapter 149, § 150, and chapter 151, §§ 1B and 20 establish a private right of action for employees who believe they are victims of certain violations of the state wage laws. If you elect to sue in civil court, you may bring an action on your own behalf and others similarly situated, and you may obtain injunctive relief, treble damages for any loss of wages and other benefits, as well as the costs of litigation and reasonable attorneys' fees.

Without making a judgment on the merits of your complaint, this correspondence represents this office's written assent to sue and grants you the authority to pursue this matter against your employers immediately, as permitted by Massachusetts General Laws chapters 149 and 151. This office will not take further enforcement action at this time.

Thank you for your attention to this matter.

Sincerely,

Daniel S. Field
Assistant Attorney General
Fair Labor and Business Practices Division
(617) 727-2200, extension 2320

DF/pk

Krokidas & Bluestein LLP

JUL 1 4 2004

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04 11574 RGS

WILLIAM STAVROS,

           Plaintiff,

v.

EMI STRATEGIC MARKETING, INC.

           Defendant.

## CERTIFICATE OF SERVICE

I, Hugh Dun Rappaport, hereby certify that on April 13, 2005, I served the following pleadings:

1. Assented-To Motions For Leave To Amend Complaint and For Leave To File Responsive Pleading; and
2. Verified Amended Complaint and Jury Demand.

via facsimile and first class mail, postage prepaid, upon Jonathan A. Keselenko, Esq., Foley, Hoag LLP, 155 Seaport Boulevard, Boston, MA 02210.

                              Hugh Dun Rappaport

2124\0001\150172.1