UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM STAVROS,<br><br>              Plaintiff,<br><br>v.<br><br>EMI STRATEGIC MARKETING, INC.<br><br>              Defendant. | C.A. No. 04-11574 (RGS) |

## DEFENDANT'S ANSWER TO PLAINTIFF'S VERIFIED AMENDED COMPLAINT AND JURY DEMAND

Defendant EMI Strategic Marketing ("EMI") hereby answers the Verified Amended Complaint and Jury Demand ("Complaint") of Plaintiff William Stavros ("Plaintiff"). Any allegation not expressly admitted herein is denied.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

In response to the unnumbered paragraphs of the Complaint, EMI states as follows:

As to the Preliminary Statement: EMI denies the allegations set forth in the first four sentences of the Preliminary Statement. EMI states the fifth sentence contains assertions to which no response is required.

The statement of Jurisdiction and Venue states legal conclusions as to which no response is required.

As to each of the numbered paragraphs of the Complaint, EMI responds as follows:

1. As to the first sentence, EMI lacks information to form a belief as to the truth or falsity of the statement that Plaintiff is a resident of Boston, Massachusetts, and admits that Plaintiff was employed by EMI for a period of time until approximately May 10, 2004. EMI admits the allegation of the second sentence. The third sentence contains a legal conclusion as to which no response is required.

2. EMI admits the allegations set forth in the first sentence. As to the second sentence, EMI admits that Plaintiff performed work for regional and national clients, but lacks knowledge sufficient to form a belief as to the truth or falsity of the statement that such work was "substantial." EMI admits the allegations set forth in the third sentence. The fourth sentence states a legal conclusion as to which no response is required.

3. EMI admits the allegations set forth in paragraph 3.

4. EMI denies the allegations set forth in paragraph 4.

5. Paragraph 5 states a legal conclusion to which no response is required. EMI expressly denies that it improperly classified the Plaintiff.

6. EMI denies the allegations set forth in paragraph 6.

7. EMI denies the allegations set forth in paragraph 7.

8. EMI denies the allegations set forth in paragraph 8.

9. EMI lacks knowledge sufficient to form a belief as to Plaintiff's filing of a Non-Payment of Wage Complaint with the Massachusetts Office of the Attorney General.

10. EMI lacks knowledge sufficient to form a belief as to the truth or falsity of the statement that the Office of the Attorney General authorized the Plaintiff to file a private civil action.

11. EMI repeats and incorporates herein its responses to paragraphs 1-10.

12. EMI denies the allegations set forth in paragraph 12.

13. EMI denies the allegations set forth in paragraph 13.

14. EMI repeats and incorporates herein its responses to paragraphs 1-13.

15. EMI denies the allegations set for in paragraph 15.

16. EMI denies the allegations set forth in paragraph 16.

17. EMI denies the allegations set forth in paragraph 17.

18. EMI denies the allegations set forth in paragraph 18.

19. EMI repeats and incorporates herein its responses to paragraphs 1-18.

20. EMI denies the allegations set forth in paragraph 20.

21. EMI denies the allegations set forth in paragraph 21.

### THIRD DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statutes of limitations.

### FOURTH DEFENSE

Some or all of Plaintiff's claims are barred by the doctrine of laches.

### FIFTH DEFENSE

Plaintiff has received all compensation due to him.

### SIXTH DEFENSE

Some or all of Plaintiff's claims are barred by the doctrine of payment.

### SEVENTH DEFENSE

Some or all of Plaintiff's claims are barred by the doctrine of waiver.

### EIGHTH DEFENSE

Some or all of Plaintiff's claims are barred by the doctrine of acquiescence.

### NINTH DEFENSE

Plaintiff was properly classified as an exempt employee under the Fair Labor Standards Act, 29 U.S.C. 213(a)(1).

### TENTH DEFENSE

Plaintiff was properly classified as an exempt employee under M.G.L. c. 151, s. 1A.

### ELEVENTH DEFENSE

Plaintiff's claims for equitable relief are barred as he has an adequate remedy at law.

WHEREFORE, EMI respectfully requests that the Amended Complaint be dismissed in its entirety and that the Court enter judgment for EMI on all counts of the Amended Complaint, award reasonable attorneys' fees and costs to EMI and grant such further relief as the Court deems just and proper.

EMI STRATEGIC MARKETING, INC.
By its attorneys,

Jonathan A. Keselenko, BBO# 559604
Laura I. Bernardo, BBO# 661095
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210
617-832-1000

Date: April 24, 2005

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail/hand on 4/26/05

- 4 -