# KROKIDAS ☒ BLUESTEIN

### ATTORNEYS

RICHARD M. BLUESTEIN
MARIA J. KROKIDAS
SAMUEL NAGLER
JANET STECKEL LUNDBERG
ROBERT J. GRIFFIN
VINCENT J. PISEGNA
PAUL V. HOLTZMAN
ANTHONY J. CICHELLO
JENNIFER GALLOP
ELKA T. SACHS

600 ATLANTIC AVENUE
BOSTON, MASSACHUSETTS 02210
PHONE 617-482-7211 • FAX 617-482-7212

HUGH DUN RAPPAPORT
JULIE HERBST PEABODY
EMILY R. DAUGHTERS
AARON J. MANGO

ELIZABETH C. ROSS
LINDA R. BOSSE
BARBARA S. PARKER
OF COUNSEL

November 14, 2005

## VIA ELECTRONIC FILING AND HAND DELIVERY

The Honorable Richard G. Stearns
United States District Court for
    District of Massachusetts
U.S. Courthouse
One Courthouse Way
Boston, MA 02210

Re:  **William Stavros v. EMI Strategic Marketing, Inc.**
     **(US District Court) Docket No. 04 11574 RGS**

Dear Judge Stearns:

    I have enclosed for filing a Joint Motion For Approval Of Settlement Agreement And For Entry Of Stipulated Final Judgment ("Joint Motion"), along with a copy of the fully-executed Settlement Agreement ("Agreement") that is the subject of the Joint Motion. Pursuant to the Agreement, my client is not entitled to receive the settlement funds until after this Court has allowed the Joint Motion. See Agreement ¶¶ 2(a) and 2(b). For this reason, I respectfully request that the Court consider the Joint Motion as expeditiously as possible.

    Please note that counsel for the Defendant has authorized me to execute the Joint Motion on his behalf.

Very truly yours,

Hugh Dun Rappaport

Enclosures

cc:  Jonathan A. Keselenko, Esq. (w/encls., via facsimile and First Class Mail)

2124\0001\157752.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM STAVROS,<br><br>       Plaintiff,<br><br>  v.<br><br>EMI STRATEGIC MARKETING, INC.,<br><br>       Defendant. | C.A. No. 04-11574 (RGS) |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND FOR ENTRY OF STIPULATED FINAL JUDGMENT

The parties to this action hereby jointly move that the Court approve the Settlement Agreement (attached hereto) and enter final judgment in this action, dismissing it with prejudice.

As grounds for this Motion, the parties state:

1.     Plaintiff William Stavros has brought this action for back wages and overtime pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.; the Massachusetts Payment of Wages Act, M.G.L. ch. 149, § § 148, 150; and the Massachusetts Overtime Statute, M.G.L. ch. 151A, § 1A.  Plaintiff alleges, inter alia, that he should have been classified as a "non-exempt" employee for purposes of the FLSA and the companion Massachusetts statute and, therefore, should have been paid overtime and additional wages.

2.     Defendant EMI Strategic Marketing, Inc. ("EMI") denies any liability to Plaintiff. Specifically, EMI alleges that Plaintiff's position satisfied the exemption for "professional" employees under the FLSA and Massachusetts law and, therefore, Plaintiff is not owed back wages or overtime.

3.    The parties wish to resolve these claims and state that the attached agreement is a reasonable compromise given the risks of litigation.  The agreement specifies the amounts that the parties have allocated to back pay, overtime and attorneys' fees and costs.[1]

WHEREFORE, the parties jointly request that the Court approve this Settlement Agreement and enter a stipulated final judgment, dismissing this matter with prejudice.

**WILLIAM STAVROS**

By his attorneys,

_____
Paul V. Holtzman, BBO #563184
Hugh Dun Rappaport, BBO #642263
Krokidas & Blumstein
600 Atlantic Avenue
Boston, MA 02210
(617) 482-7211

Dated: November 14, 2005

**EMI STRATEGIC MARKETING, INC.**

By its attorneys,

_____
Jonathan A. Keselenko, BBO #559604
Laura Bernardo, BBO # 661095
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

Dated:  November 14, 2005

Approved and Ordered by the Court,

_____
Judge Richard G. Stearns
United States District Court, District of Massachusetts

Dated: _____

2124\0001\157769.1

_____

[1]    Plaintiff has also brought charges of discrimination at the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission ("EEOC").  The Settlement Agreement attached hereto settles those actions as well.   The parties assert that the settlement amount is reasonable for settlement of the action before this Court and at the MCAD and EEOC.  The parties will be submitting stipulations of dismissal to the MCAD and EEOC.

## SETTLEMENT AGREEMENT

This agreement is made and entered into this 11th day of November, 2005 by and between William Stavros ("Stavros") and EMI Strategic Marketing, Inc. ("EMI").

## WITNESSETH THAT

WHEREAS, Stavros was employed by EMI from April 26, 1999 to May 10, 2004;

WHEREAS, on or about July 14, 2004, Stavros filed a complaint against EMI in United States District Court for the District of Massachusetts titled, William Stavros v. EMI Strategic Marketing, Inc., Civil Action No. 04 11574 RGS (the "Court Action"), in which he alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq.; M.G.L. c. 149, §148; and M.G.L. c.151, §1A;

WHEREAS, on or about February 3, 2005, Stavros filed a charge against EMI jointly with the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission ("EEOC") titled William Stavros v. EMI Strategic Marketing, Inc.; MCAD Docket No. 05BEM00276, EEOC Docket No. 16CA500835 (the "MCAD/EEOC Action"), in which he alleged that he was subject to discrimination on the basis of disability and/or sexual orientation in violation of M.G.L. 151B, §4;

WHEREAS, EMI has denied and continues to deny all of Stavros' allegations;

WHEREAS, Stavros and EMI have agreed that it is in their mutual interest to resolve fully and finally all matters concerning, relating to, or arising out of the Court Action, the MCAD/EEOC Action, and Stavros' employment with EMI, upon the terms and conditions more fully set forth below;

NOW THEREFORE, in consideration of the premises, mutual promises and covenants herein set forth, Stavros and EMI hereby agree as follows:

1.      <u>Settlement Amount</u>. In exchange for Stavros' General Release and Waiver of all Claims, attached hereto as <u>Exhibit A</u>, and the Stipulations of Dismissal of the Court Action and the MCAD/EEOC Action, attached hereto as <u>Exhibits B-D</u>, EMI agrees that it shall settle the Court Action and the MCAD/EEOC Action for a combined total of $75,000.00 to be paid in two installments. Of the total settlement amount, $25,000.00 shall be wages for both actions, $25,000.00 shall be in compromise of all claims of emotional distress that were or could have been alleged in the MCAD/EEOC Action and $25,000.00 shall be in compromise of the attorneys' fees that Stavros incurred in connection with prosecuting the Court Action and the MCAD/EEOC Action.

2.      <u>Payment Schedule</u>.

(a)      The first installment payment shall be in the amount of $50,000.00 and shall not be treated as wages. This amount shall be delivered by EMI to its counsel, Jonathan Keselenko, Esquire, who shall hold it in escrow, upon execution of this Settlement Agreement by both parties. EMI's counsel shall deliver this payment to Stavros' counsel, Paul V. Holtzman, Esquire, 8 calendar days after the Settlement Agreement is executed or one day after all of the Court, MCAD and EEOC Stipulations of Dismissal described in Paragraphs 6 and 7 below are filed, whichever is later, provided that Stavros has complied fully to that date with the Agreement and provided that the Court has approved the parties' Joint Motion To Approve Settlement Agreement And For Entry of Stipulated Final Judgment ("Joint Motion"), attached hereto as <u>Exhibit F</u>. Stravos' counsel agrees to provide same-day notification to EMI's counsel of the filing of the Stipulations of Dismissal.

(b)      The second and final installment payment shall be in the amount of $25,000.00 and shall be treated entirely as wages. This amount shall be delivered by EMI to its

counsel, Jonathan Keselenko, Esq., who shall hold it in escrow, upon execution of this

Settlement Agreement by both parties. EMI's counsel shall deliver this payment to Stavros'

counsel, Paul V. Holtzman, Esquire, within not more than 30 calendar days after the Settlement

Agreement is executed by both parties, provided that Stavros has complied fully at the time with

all other provisions of the Agreement, including filing the Stipulations of Dismissal described in

Paragraphs 6 and 7 below, and provided that the Court has approved the parties' Joint Motion,

attached hereto as Exhibit F.

     3.     Withholdings.

     (a)     EMI shall take all required withholdings from the $25,000.00 of the

Settlement Amount designated as wages, and shall issue to Stavros a Form W-2 for this payment;

     (b)     EMI shall make no withholdings from the remaining $50,000.00 of the

Settlement Amount and shall issue to Stavros and to Krokidas & Bluestein Form 1099s for the

Settlement Amount designated as emotional distress and attorneys' fees. Stavros shall be solely

responsible for all of the taxes, interest, payments or penalties incurred on account of this

payment.

     (c)     In the event that Stavros fails to make proper payment of taxes with

respect to all or part of the Settlement Amount, and EMI is held liable for such non-payment or

for any fines or penalties connected with the non-payment, EMI will be entitled to full and

complete indemnification of said outstanding payments, fines or penalties from Stavros.

     Further, if any taxing authority ever asserts to EMI that any taxes, interest, penalties or

payments are due from EMI on account of said payments, EMI shall promptly give notice to

counsel for Stavros in this matter, Paul V. Holtzman, Esquire, of the taxing authority's assertion

by registered mail at the following address:

Paul V. Holtzman, Esquire
Krokidas & Bluestein
600 Atlantic Avenue
Boston, MA 02210

If any taxing authority ever asserts to Stavros that any taxes, interest, penalties or payments are due by EMI on account of said payments, Stavros shall promptly give notice to counsel for EMI in this matter, Jonathan A. Keselenko, Esquire, of the taxing authority's assertion by registered mail at the following address:

Jonathan A. Keselenko, Esquire
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210

4.      Retirement Savings Account. EMI agrees to provide to Stavros within 8 days of the execution of this agreement both (a) the most current available statement concerning the value of Stavros' interest in the EMI Strategic Marketing, Inc. Profit Sharing Plan and Trust ("Account") and (b) any form(s) necessary to effectuate either a cash distribution or a rollover of Stavros' entire interest in the Account. Stavros voluntarily agrees to execute the form(s) referenced in the preceding sentence and to provide the executed form(s) to EMI within 21 days of his receipt of same.

5.      Releases. For good and valuable consideration (including without limitation in exchange for the payment of the Settlement Amount set forth and described in Paragraphs 1-4 above), the sufficiency of which is hereby acknowledged, simultaneously with the execution and delivery of this Agreement, Stavros and EMI shall execute and cause to be delivered to opposing counsel a final and binding "Release and Waiver of Claims," in the form attached hereto and incorporated herein as Exhibits A-B.

4

6.      <u>Stipulation of Dismissal of the Court Action</u>.  At the time of the execution of this Settlement Agreement, the parties shall execute the "Stipulation of Dismissal with Prejudice" of the Court Action attached hereto as <u>Exhibit C</u>.  Within 10 days of the execution of this Settlement Agreement and the Stipulation of Dismissal of the Court Action, or one day after the Court has approved the Joint Motion described in Paragraph 18 below, whichever is later, Stavros' counsel shall file the Stipulation of Dismissal with the United States District Court for the District of Massachusetts, provided that by that date EMI's counsel has provided written notification to Stavros' counsel that the monies described in paragraph 2 above have been received by EMI's counsel.  Neither party will file the Stipulation of Dismissal of the Court action before receiving notification that the Court has approved the Joint Motion.

7.      <u>Stipulation of Dismissal of MCAD and EEOC Charges</u>.  At the time of the execution of this Settlement Agreement, the parties shall execute the "Stipulation of Dismissal with Prejudice" of the MCAD charge attached hereto as <u>Exhibit D</u> and the "Stipulation of Dismissal with Prejudice" of the EEOC charge attached hereto as <u>Exhibit E</u>. Within 10 days of the execution of this Settlement Agreement and the Stipulations of Dismissal, or one day after the Court has approved the Joint Motion described in Paragraph 18 below, whichever is later, Stavros' counsel shall file the Stipulations of Dismissal with the appropriate agencies, provided that by that date EMI's counsel has provided written notification to Stavros' counsel that the monies described in paragraph 2 above have been received by EMI's counsel.

8.      <u>Non-Disclosure and Confidentiality</u>.  Stavros agrees that he will not now or in the future divulge or publish, directly or indirectly, any information whatsoever regarding the substance, terms or existence of this Agreement and/or any discussions or negotiations relating to this Agreement to any person or organization other than his attorneys, accountants, financial

advisors and/or spouse after securing their respective consent to be bound by the terms of this Paragraph 8 as if they were signatory hereto; *provided,* that this provision will not interfere with any obligation Stavros may have to provide information relating to this Agreement to the Internal Revenue Service, the Massachusetts Department of Revenue or as otherwise required by law, by court order or by subpoena.

9.    <u>Non-Disparagement</u>.  To the fullest extent permitted by law, Stavros agrees not to make or cause to be made any negative or adverse remarks whatsoever about EMI, its employment practices or policies, or any person currently or formerly employed by EMI or currently or formerly affiliated with EMI.  To the fullest extent permitted by law, EMI agrees not to make or cause to be made any negative or adverse remarks whatsoever about Stavros.

10.    <u>References</u>.    EMI will refer any inquiry from any person seeking an employment reference concerning Stavros to Macy Jones ("Jones"), or if Jones is no longer employed by EMI, to another person in EMI's Human Resources Department.  Jones and the EMI Human Resources employee agree to respond to such inquiry by providing the inquirer with the following information only:  (1) the dates that Stavros was employed at EMI, (2) the position he held, and (3) his salary during the time he worked at EMI.  Jones and the EMI Human Resources employee shall provide no other information, unless compelled to do so by law.

11.    <u>Unemployment</u>.  EMI will not oppose any application by Stavros for unemployment benefits so long as, during the application process, Stavros makes truthful representations to the relevant governmental agency(s) concerning his employment at EMI. Should EMI be called to testify concerning any application for unemployment benefits, it shall testify truthfully.

12.    <u>Non-admission</u>.  EMI expressly disclaims any wrongdoing to Stavros, and both

parties agree that by entering into this Agreement, neither EMI nor any of its officers, employees or agents admits any liability to Stavros.

13.    Entire Agreement.  This Agreement sets forth the full terms of the settlement agreement between Stavros and EMI, and supersedes any prior oral or written understanding. This Agreement may not be modified, amended or canceled by Stavros or EMI, except by an instrument in writing signed by both Stavros and a duly authorized representative of EMI.

14.    Governing Law.  This Settlement Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the Commonwealth of Massachusetts.

15.    Representations:  Stavros represents:

        (a)    That he has consulted with an attorney before signing this Agreement;

        (b)    That he would not receive the consideration set forth and described in Paragraphs 1-4 if he did not sign this Agreement and the Release and Waiver of Claims which is Exhibit A.

        (c)    That he understands that he has 21 days from the day he receives this Agreement to review and sign it;

        (d)    That he understands that he has 7 days after he has executed this Agreement to rescind this Agreement by delivering a written notice of revocation to Campbell Edlund, President and CEO of EMI.  The parties acknowledge that this Agreement shall not become valid or enforceable until the expiration of the 7 day revocation period.

        (e)    By signing this Agreement, Stavros acknowledges that he has carefully read and fully understands all of its provisions, and that he is signing it voluntarily.  Stavros also acknowledges that he is not relying on any representations by any representative of EMI concerning the meaning of any aspect of this Agreement.

7

16.    Further Representation. Stavros further represents that he has engaged in no actions which would give rise to a claim by any of the "releasors," as defined in the Release and Waiver of Claims attached as Exhibit B hereto.

17.    Attorneys' Fees and Costs. Except as otherwise provided herein, each party shall bear its own or his own attorneys' fees and costs incurred in these actions.

18.    Filing of Joint Motion With Court. The parties, through their counsel, agree to execute the Joint Motion attached hereto as Exhibit F. The parties agree that they will not file the Stipulation of Dismissal of the federal court action until the Court has approved the Joint Motion.

19.    Execution. This Settlement Agreement, which includes Exhibits A-F attached hereto, may be executed in one or more counterparts and by facsimile or pdf, each of which when so executed shall be deemed to be an original, and all such counterparts together shall constitute but one and the same instrument.

**PLEASE READ CAREFULLY BEFORE SIGNING. THIS AGREEMENT AND THE ATTACHED EXHIBIT A INCLUDE RELEASES OF ALL KNOWN AND UNKNOWN CLAIMS ARISING OR EXISTING AS OF THE DATE OF THIS AGREEMENT.**

IN WITNESS WHEREOF, Stavros and EMI have executed this Settlement Agreement on the date first above written.

WILLIAM STAVROS

_William Stavros_

EMI STRATEGIC MARKETING

By: _____

Campbell Edlund, President and CEO

8

16.     Further Representation. Stavros further represents that he has engaged in no actions which would give rise to a claim by any of the "releasors," as defined in the Release and Waiver of Claims attached as Exhibit B hereto.

17.     Attorneys' Fees and Costs. Except as otherwise provided herein, each party shall bear its own or his own attorneys' fees and costs incurred in these actions.

18.     Filing of Joint Motion With Court. The parties, through their counsel, agree to execute the Joint Motion attached hereto as Exhibit F. The parties agree that they will not file the Stipulation of Dismissal of the federal court action until the Court has approved the Joint Motion.

19.     Execution. This Settlement Agreement, which includes Exhibits A-F attached hereto, may be executed in one or more counterparts and by facsimile or pdf, each of which when so executed shall be deemed to be an original, and all such counterparts together shall constitute but one and the same instrument.

**PLEASE READ CAREFULLY BEFORE SIGNING. THIS AGREEMENT AND THE ATTACHED EXHIBIT A INCLUDE RELEASES OF ALL KNOWN AND UNKNOWN CLAIMS ARISING OR EXISTING AS OF THE DATE OF THIS AGREEMENT.**

IN WITNESS WHEREOF, Stavros and EMI have executed this Settlement Agreement on the date first above written.

WILLIAM STAVROS

_____

EMI STRATEGIC MARKETING

By: _____

Campbell Edlund, President and CEO

8

EXHIBIT A

RELEASE AND WAIVER OF CLAIMS

In consideration of the payment and any other benefits described in the attached Settlement Agreement, William Stavros ("Stavros" or the "releasor"), on behalf of himself and his heirs, children and assigns, hereby irrevocably and unconditionally releases, acquits and forever discharges EMI Strategic Marketing, Inc. ("EMI"), its agents, directors, officers, members, attorneys, and employees ("releasees") from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, damages and expenses (including attorneys' fees and costs actually incurred) of any nature whatsoever known or unknown, suspected or unsuspected, which the releasor now has, has had or at anytime in the future may have against the releasees, based upon, arising out of, or in connection with any circumstances, matter or state of fact from the beginning of the world to the date of this Release, including but not limited to, claims or rights under federal, state or local law or municipal ordinances, or common law in any way regulating or affecting the employment relationship, including but not limited to claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq.; M.G.L. c. 149, §§148 and 150; M.G.L. c. 151, §§1A, 1B and 20; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; Chapter 151B of the Massachusetts General Laws and the Americans with Disabilities Act, 42 U.S.C. §1201 et seq.

The releasor, for good and valuable consideration over and above any other money or benefits that would be due to him, the receipt of which is acknowledged, hereby releases and waives any and all existing claims arising under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA"), as amended by the Older Workers Benefit Protection Act.

The releasor acknowledges that the releasees have advised him to consult with an attorney before signing this Release, particularly the release of ADEA claims. The releasor further acknowledges that the releasees have given him at least 21 days to consider signing this Release. The releasor also acknowledges that, in signing this Release, he is not relying on any other statements or explanations made by the releasees.

This Release will become effective 7 days after it is signed. The releasor understands that he may revoke this Release within 7 days after it is signed, and that it shall not become effective until the expiration of this 7 day revocation period.

Notwithstanding the foregoing, this Release does not include and will not preclude claims, actions, or rights arising under or to enforce the terms of the attached Settlement Agreement. EXCEPT AS PROVIDED ABOVE, THIS MEANS STAVROS MAY NOT SUE EMI FOR ANY CURRENT OR PRIOR CLAIMS ARISING OUT OF HIS EMPLOYMENT WITH EMI.

IN WITNESS WHEREOF, William Stavros has caused this Release to be executed and sealed on this ___10th___ day of ___NOVEMBER___, 2005.



_____
William Stavros

Signed and sealed in the
presence of:

_____
Notary Public
My Commission expires:

## EXHIBIT B

### RELEASE AND WAIVER OF CLAIMS

In consideration of the promises and undertakings by Stavros in this Agreement, EMI Strategic Marketing, Inc., its agents, directors, officers, members, attorneys, employees, successors and assigns (collectively, "EMI" or the "releasor"), hereby irrevocably and unconditionally releases, acquits and forever discharges William Stavros, his agents, heirs, children and assigns ("releasees") from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, damages and expenses (including attorneys' fees and costs actually incurred) of any nature whatsoever, known or unknown, suspected or unsuspected which the releasor now has, has had or at any time in the future may have against the releasees, based upon, arising out of, or in connection with any circumstances, matter or state of fact from the beginning of the world to the date of this Release. The releasor acknowledges that, in signing this release, it is not relying on any other statements or explanations made by the releasees.

Notwithstanding the foregoing, this Release does not include and will not preclude claims, actions, or rights arising under or to enforce the terms of the attached Settlement Agreement.

IN WITNESS WHEREOF, EMI Strategic Marketing, Inc. has caused this Release to be executed and sealed on this _11th_ day of _November_, 2005.

EMI STRATEGIC MARKETING, INC.
By:     Campbell Edlund
Its:    President and CEO

Signed and sealed in the
presence of:

Notary Public
My Commission expires:

IAN CROSS
Notary Public, Massachusetts
My Commission Expires July 6, 2012

- 11 -

<u>EXHIBIT C</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM STAVROS, | |
| Plaintiff, | C.A. No. 04-11574 (RGS) |
| v. | |
| EMI STRATEGIC MARKETING, INC., | |
| Defendant. | |

## **STIPULATION OF DISMISSAL WITH PREJUDICE**

The parties hereby jointly request that the Complaint filed in this matter be dismissed, with prejudice and without costs, sanctions or attorneys' fees to either party. All rights of appeal are hereby expressly waived.

**WILLIAM STAVROS**                    **EMI STRATEGIC MARKETING, INC.**

By his attorneys,                      By its attorneys,

_____        _____
Paul V. Holtzman, BBO #563184          Jonathan A. Keselenko, BBO #559604
Hugh Dun Rappaport, BBO #642263        Laura Bernardo, BBO # 661095
Krokidas & Blumstein                   Foley Hoag LLP
600 Atlantic Avenue                    155 Seaport Boulevard
Boston, MA 02210                       Boston, MA 02210
(617) 482-7211                         (617) 832-1000

EXHIBIT D

COMMONWEALTH OF MASSACHUSETTS
COMMISSION AGAINST DISCRIMINATION

WILLIAM STAVROS,

          Complainant,

v.

EMI STRATEGIC MARKETING, INC.,

          Respondent.

MCAD Docket No. 05BEM00276

## STIPULATION OF DISMISSAL WITH PREJUDICE

Complainant, William Stavros, and Respondent, EMI Strategic Marketing, Inc., hereby stipulate and agree that the above-captioned matter shall be dismissed with prejudice, without right of appeal, and without costs, sanctions, or attorneys' fees to either party.

**WILLIAM STAVROS**

By his attorneys,

**EMI STRATEGIC MARKETING, INC.**

By its attorneys,

_____

Paul V. Holtzman
Hugh Dun Rappaport
Krokidas & Bluestein
600 Atlantic Avenue
Boston, MA 02210

Date _____, 2005

_____

Jonathan A. Keselenko
Laura Bernardo
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA  02210-2600

Date: _____, 2005

<u>EXHIBIT E</u>

UNITED STATES OF AMERICA
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

WILLIAM STAVROS,

        Complainant,

v.

EMI STRATEGIC MARKETING, INC.,

        Respondent.

EEOC Docket No. 16CA500835

<u>STIPULATION OF DISMISSAL</u>

     Complainant, William Stavros, and Respondent, EMI Strategic Marketing, Inc., hereby stipulate and agree that the above-captioned matter shall be dismissed with prejudice, without right of appeal, and without costs, sanctions, or attorneys' fees to either party.

**WILLIAM STAVROS**

By his attorneys,

 

 

_____
Paul V. Holtzman
Hugh Dun Rappaport
Krokidas & Bluestein
600 Atlantic Avenue
Boston, MA 02210

Date _____, 2005

**EMI STRATEGIC MARKETING, INC.**

By its attorneys,

 

 

_____
Jonathan A. Keselenko
Laura Bernardo
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA  02210-2600

Date:_____, 2005

<u>EXHIBIT F</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WILLIAM STAVROS,<br><br>          Plaintiff,<br><br>    v.<br><br>EMI STRATEGIC MARKETING, INC.,<br><br>          Defendant. | C.A. No. 04-11574 (RGS) |

## **<u>JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND FOR ENTRY OF STIPULATED FINAL JUDGMENT</u>**

The parties to this action hereby jointly move that the Court approve the Settlement

Agreement (attached hereto) and enter final judgment in this action, dismissing it with prejudice.

As grounds for this Motion, the parties state:

1.    Plaintiff William Stavros has brought this action for back wages and overtime

pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 <u>et seq.</u>; the Massachusetts

Payment of Wages Act, M.G.L. ch. 149, § § 148, 150; and the Massachusetts Overtime Statute,

M.G.L. ch. 151A, § 1A.  Plaintiff alleges, <u>inter alia</u>, that he should have been classified as a

"non-exempt" employee for purposes of the FLSA and the companion Massachusetts statute and,

therefore, should have been paid overtime and additional wages.

2.    Defendant EMI Strategic Marketing, Inc. ("EMI") denies any liability to Plaintiff.

Specifically, EMI alleges that Plaintiff's position satisfied the exemption for "professional"

employees under the FLSA and Massachusetts law and, therefore, Plaintiff is not owed back

wages or overtime.

3.      The parties wish to resolve these claims and state that the attached agreement is a reasonable compromise given the risks of litigation.  The agreement specifies the amounts that the parties have allocated to back pay, overtime and attorneys' fees and costs.[1]

WHEREFORE, the parties jointly request that the Court approve this Settlement Agreement and enter a stipulated final judgment, dismissing this matter with prejudice.

**WILLIAM STAVROS**                      **EMI STRATEGIC MARKETING, INC.**

By his attorneys,                               By its attorneys,

_____          _____
Paul V. Holtzman, BBO #563184          Jonathan A. Keselenko, BBO #559604
Hugh Dun Rappaport, BBO #642263      Laura Bernardo, BBO # 661095
Krokidas & Blumstein                          Foley Hoag LLP
600 Atlantic Avenue                            155 Seaport Boulevard
Boston, MA 02210                              Boston, MA 02210
(617) 482-7211                                  (617) 832-1000

Dated: November __, 2005                  Dated:  November __, 2005

---

[1]      Plaintiff has also brought charges of discrimination at the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission ("EEOC").  The Settlement Agreement attached hereto settles those actions as well.  The parties assert that the settlement amount is reasonable for settlement of the action before this Court and at the MCAD and EEOC.  The parties will be submitting stipulations of dismissal to the MCAD and EEOC.

Approved and Ordered by the Court,


_____
Judge Richard G. Stearns
United States District Court, District of Massachusetts

Dated: _____